UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAX ANALYSTS                                )
  400 South Maple Avenue, Suite 400   )
  Falls Church, VA   22046,              )
                                         )
             Plaintiff,                        )
                                           )
            v.                                )   No. _____
                                         )
INTERNAL REVENUE SERVICE     )
  1111 Constitution Avenue, NW       )
  Washington, DC   20224,             )
                                           )
            Defendant.                       )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action for declaratory and injunctive relief against the Internal Revenue Service ("IRS") under the Freedom of Information Act ("FOIA") for access to agency records.

### Jurisdiction and Venue

2. This court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(e).

### Parties

3. Plaintiff Tax Analysts is a nonprofit District of Columbia corporation that is qualified as a charitable and educational organization described in Internal Revenue Code § 501(c)(3). Consistent with that mission, and since its founding in 1970, Tax Analysts has been a leading publisher of reporting and information concerning the enactment and administration of the tax laws of the United States, individual states and other countries; the adjudication of tax cases by courts and

other tribunals of the United States, individual states and other countries; and other subjects relating to taxation.   Tax Analysts serves a readership of 100,000 tax professionals, including lawyers, accountants and other tax professionals.  Its weekly publications include *Tax Notes International* and *Tax Notes Federal*, and its daily publications include *Tax Notes Today International* and *Tax Notes Today Federal*.  Tax Analysts also operates a web site at www.taxnotes.com.

4.  Defendant IRS is an agency of the United States government.

<u>Factual Background</u>

5.  As a news organization, Tax Analysts uses the Freedom of Information Act to report on the policies and practices of the Internal Revenue Service.

6.  To facilitate the IRS's processing of Tax Analysts' requests, Tax Analysts' reporters attempt to be as specific as possible in order to facilitate searches for responsive records on IRS servers or elsewhere.

7.  Notwithstanding those efforts, as well as efforts to work with IRS staff to facilitate the prompt processing of requests, IRS is consistently failing to produce records in a reasonable timeframe, even beyond the deadlines set out in the statute.

8.  Tax Analysts' ability to engage in reporting on IRS practices is hindered by the IRS's failure to process and respond to Tax Analysts' FOIA requests in a timely manner.

9.  IRS's failure to administer the FOIA in a timely fashion is a problem for taxpayers generally.  In her 2025 annual report to Congress, published in January 2026, the IRS's National Taxpayer Advocate cited "records access" as one of the "most serious problems encountered by taxpayers," noting that the "FOIA process is

2

cumbersome and often results in significant delays and failure to obtain the information the taxpayer is entitled to receive."

10.  This suit challenges IRS's failure to produce records in response to ten FOIA requests from Tax Analysts' reporters, with the oldest now eleven months old.

### 1.  The Walters/Krause IRS-DHS E-mails

11.  By a request made May 21, 2025, Tax Analysts requested "all emails between the dates of March 17, 2025 and April 9, 2025, to and from former IRS Chief Privacy Officer Kathleen Walters, and former IRS Acting Commissioner Melanie Krause related to the IRS-DHS tax information sharing agreement as outlined in a memorandum of understanding dated April 7[, 2025]."

12.  IRS responded by letter dated July 1, 2025, requesting additional time and by a supplemental letter dated August 18, 2025, stating that IRS would be unable to complete processing the request until November 18, 2025.  IRS has assigned this request "Case number: 2025-14807."

13.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 2.  The De Mello-DOGE Request

14.  By a request made July 14, 2025, Tax Analysts requested: "All emails to and from former Acting Chief Counsel William Paul on the topic of the Department of Government Efficiency from January 21, 2025 to March 18, 2025."  The request also sought expedited processing of the request.

15.  IRS responded by letter dated July 16, 2025, stating that the request for expedited processing was being granted and that this request "will receive priority

processing over non-expedite requests and we will respond to your request as soon as possible." No date for a response was indicated. IRS has assigned this request "Case number: 2025-17716."

16. IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 3. The De Mello Removal E-mails

17. By a request received July 18, 2025, Tax Analysts requested "all communications and/or directives issued to William Paul, Associate Chief Counsel (Procedure and Administration) Paul Butler, and Deputy Chief Counsel (Operations) Audrey Morris, between the dates of June 25 and July 3[, 2025] related to Andrew De Mello's removal as Acting Chief Counsel."

18. IRS responded by letter dated November 13, 2025, seeking additional time to respond. By a separate letter dated December 29, 2025, IRS sought an additional extension until May 4, 2026. The latter letter noted that Tax Analysts had the right to seek judicial review. IRS has assigned this request "Case number: 2025-18072."

19. IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 4. The De Mello ICE/DHS Request

20. By letter dated July 23, 2025, Tax Analysts requested: "All emails to and from acting IRS Chief Counsel Andrew De Mello between June 1 and June 30th, 2025, containing the words 'Immigration and Customs Enforcement,' 'ICE',' or

'Department of Homeland Security.'"  The letter also sought expedited processing of the request.

21.  IRS responded by letter dated July 25, 2025, stating that the request for expedited processing had been granted.  However, IRS provided no projected date for disclosure of the records or an otherwise substantive response.  IRS assigned the request "Case number: 2025-18373."

22.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 5. The Long-Paz/Kastenberg E-mails

23.  By a request made on August 1, 2025, Tax Analysts requested "all emails to and from IRS Commissioner Billy Long between the dates of July 21, 2025, and August 1, 2025, related to LB&I [Large Business & International] Commissioner Holly Paz and/or Acting Director of the Office of Professional Responsibility Elizabeth Kastenberg being placed on administrative leave and being investigated for political conduct."  The letter also sought expedited processing of the request.

24.  By letter dated August 22, 2025 IRS requested additional time to respond.  By letter dated December 8, 2025, IRS confirmed that the request for expedited processing had been granted and requested an additional extension until April 17, 2026, adding that Tax Analysts had the right to seek judicial review.  IRS assigned the request "Case number: 2025-18966."

25.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 6.  The Long Tribal Tax Credits Request

26.  By a request made on August 11, 2025, Tax Analysts requested "'all emails to and from former IRS Commissioner Billy Long between the dates of June 16, 2025, and August 8, 2025, on the topic of tribal tax credits."

27.  By letter dated November 17, 2025, IRS requested additional time to respond, and by letter dated February 10, 2026, IRS requested an additional extension until May 5, 2026, noting that Tax Analysts had the right to seek judicial review.  IRS assigned the request "Case number: 2025-19454."

28.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 7.  The Long-Corcos E-mails on IRS Technology Systems

29.  By a request received on August 16, 2025 Tax Analysts requested "'all emails between former IRS Commissioner Billy Long and Treasury chief information officer Sam Corcos from June 17, 2025, through August 8, 2025, on the topic of IRS technology systems."

30.  By letter dated September 9, 2025, IRS requested additional time to respond, and by letter dated December 5, 2026, IRS requested an additional extension until March 13, 2026, noting that Tax Analysts had the right to seek judicial review.  IRS assigned the request "Case number: 2025-19838."

31.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 8. Basis Shifting E-mails

32.  By request received September 11, 2025, Tax Analysts requested "all emails to and from Joseph Banks, director of LB&I's Passthrough Entities Practice Area, between April 1, 2025, and July 1, 2025, on the topic of basis shifting.

33.  By letter dated October 6, 2025, IRS requested additional time to respond to the request.  By letter dated January 23, 2026, IRS again stated that it needed additional time and that the agency would notify Tax Analysts if it was unable to complete the request by April 29, 2026.   IRS assigned the request: "Case number: 2025-21182."

34.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 9.  The Roberts Direct File E-mails

35.  By a request made on September 16, 2025, Tax Analysts requested "all emails to and from Bridget Roberts, former chief of the direct file program, from April 1, 2025 through August 15, 2025, related to IRS direct file."

36.  By letter dated October 7, 2025, IRS requested additional time to respond, and by a letter dated January 28, 2026, requested an additional extension until April 29, 2026, while noting that Tax Analysts had the right to seek judicial review.  IRS assigned the request "Case number: 2025-21433."

37.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### 10.  The Flax E-mails re Malta Pension Plans

38.  By a request made on November 14, 2025, Tax Analysts requested: "Emails to and from Nikole Flax, former IRS Commissioner of the Large Business & International division, on the topic of Malta pension plans, between the dates of February 1, 2023, and July 1, 2023, including all email attachments."

39.  By letter dated December 9, 2025, IRS acknowledged receipt of the request and granted the request for expedited processing, but did not provide a projected date for responding to this request.  IRS assigned the request "Case number: 2026-01547."

40.  IRS has not communicated further with Tax Analysts, and the request remains outstanding.

### Causes of Action

41.  Plaintiff Tax Analysts repeats and re-alleges the statements in paragraphs 11 through 40.

42.  As to each of the records identified above, Tax Analysts has a statutory right of access to the records it seeks under the Freedom of Information Act, and there is no legal basis for IRS to withhold those records.

43.  As to each and all of the records identified above, IRS has exhausted its administrative remedies under the FOIA.

44. As to each of the records identified above, Tax Analysts has no remedy at law and will suffer irreparable injury absent relief from this Court.

### Requests for Relief

Wherefore, plaintiff requests that this Court:

1. Declare that the IRS's failure to disclose the requested records to Tax Analysts is unlawful under the FOIA;

2. Preliminarily and permanently enjoin the IRS from withholding the requested records from Tax Analysts;

3. Award Tax Analysts its costs and a reasonable attorneys' fee; and

4. Grant such other and further relief as the Court may deem just and equitable.

_Cornish F. Hitchcock_

_____

Cornish F. Hitchcock  (D.C. Bar No. 238824)
  Hitchcock Law Firm PLLC
  5614 Connecticut Avenue, NW  No. 304
  Washington, D.C. 20015
  (202) 489-4813 • conh@hitchlaw.com
Attorney for Plaintiff Tax Analysts

Dated: April 22, 2026